# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5336-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.V.,

      Defendant-Appellant.

_____

Submitted August 21, 2018 — Decided August 28, 2018

Before Judges Messano and Geiger.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Somerset
County, Docket No. FO-18-0181-17.

Roberts & Teeter, LLC, attorneys for appellant
(Michael B. Roberts, on the briefs).

Michael H. Robertson, Somerset County
Prosecutor, attorney for respondent
(Alexander C. Mech, Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant R.V.[1] was found guilty of contempt, N.J.S.A. 2C:29-9(b), for violating a final restraining order (FRO) issued in favor of A.L.  The trial court sentenced defendant to a twelve month term of probation and anger management counseling, and imposed other mandatory penalties.

Appellant provides the following points for our consideration.

### I.

THE CONVICTION SHOULD BE REVERSED WHEN THERE WAS INSUFFICIENT EVIDENCE PROVING A KNOWING VIOLATION OF A RESTRAINING ORDER.

### II.

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY STIPULATED TO THE ADMISSION OF THE FRO, ARGUED AN UNTENABLE LEGAL POSITION, AND FAILED TO ADEQUATELY CROSS-EXAMINE THE STATE'S WITNESS. (NOT RAISED BELOW)

A. TRIAL COUNSEL WAS INEFFECTIVE FOR STIPULATING TO THE ADMISSION OF THE TEMPORARY RESTRAINING ORDER.

B. TRIAL COUNSEL'S TRIAL STRATEGY WAS BASED UPON A FUNDAMENTAL MISUNDERSTANDING OF THE LAW.

C. TRIAL COUNSEL'S INVESTIGATION AND CROSS-EXAMINATION OF [C.L.] WAS WHOLLY DEFICIENT.

---

[1]  We use initials to protect the identity of the parties.

A-5336-16T3

Having considered these arguments in light of the record and applicable law, we affirm defendant's conviction.

On April 28, 2016, the Family Part in Somerset County issued an FRO against defendant after finding he committed an act of domestic violence against A.L., with whom he previously had a dating relationship. The FRO barred defendant from A.L.'s residence and place of employment, and an address in North Plainfield. The FRO also prohibited defendant from having any "oral, written, personal, electronic, or other form of contact or communication" with A.L., as well as her sister, N.D.L., nephew, C.A.D., and friend, S.H.

On December 10, 2016, defendant was charged with contempt for "going to [A.L.'s] residence and denting her mailbox." A trial on the matter was held on May 25, 2017, where the State presented two witnesses: C.D., N.D.L.'s husband; and Jordan Rogers, a North Plainfield Police officer.

C.D. testified that on December 10, at approximately 9:00 p.m., he was at his home in North Plainfield with N.D.L., C.A.D., and A.L., when he heard banging on the front door and window. He approached the window and saw defendant, whom he recognized from previous encounters, standing several feet away, illuminated by light, banging on the door. Defendant's behavior prompted C.D. to call the police, but defendant left prior to their arrival.

Upon defendant's departure, C.D. went outside and noticed the door, window and mailboxes were damaged. At the conclusion of direct examination, C.D. positively identified defendant in court.

Officer Rogers explained he responded to the scene, spoke to the witnesses, wrote a report, and noticed the mailboxes on the property had been "tossed around, punched, [and] banged on." Following his brief testimony, the State rested. Thereafter, defendant elected not testify or call any witnesses. The defense did attempt, to no avail, to introduce evidence that the FRO had been dismissed prior to trial, but after the December 10, 2016 incident.

In his oral decision, the judge first stressed the parties "stipulated at the commencement of trial that . . . defendant received a copy of the [FRO] with its various prohibitions." The court also found that, considering Officer Rogers' corroborating testimony, C.D. credibly testified that on December 10, 2016, A.L. and other protected parties were at home when he observed and identified defendant banging on the front door and window, which prompted him to call the police, and later discovered extensive damage to the home's mailboxes. As a result, the court found defendant was guilty of contempt for knowingly violating the FRO by contacting protected parties. N.J.S.A. 2C:29-9(b). Defendant appealed.

Our scope of review of the factual findings of a judge sitting without a jury is limited. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Moreover, in reviewing a decision of a family court, we "defer to the factual findings of the trial court," N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008), in recognition of its "special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (citation omitted). Deference is particularly appropriate when the evidence is testimonial and involves credibility issues because the judge who observes the witnesses and hears the testimony has a perspective we cannot enjoy. Pascale v. Pascale, 113 N.J. 20, 33 (1988).

To be guilty of the disorderly persons offense of contempt of an FRO under N.J.S.A. 2C:29-9(b), the State must prove beyond a reasonable doubt that defendant was served with the FRO and knowingly committed behavior that violated the order. State v. L.C., 283 N.J. Super. 441, 447-48 (App. Div. 1995).

Before us, defendant essentially argues that because C.D. and N.L.D.'s residence was not listed on the FRO, and no testimony was elicited indicating a protected party resided at that location, the State failed to prove he knowingly violated the FRO. We disagree. While the FRO did not list C.D. and N.L.D.'s home as

protected location, defendant's argument ignores the fact that he was prohibited from having any "contact or communication" with A.L., N.D.L. and C.A.D., regardless of location. We are satisfied that appearing at a protected party's residence, causing a ruckus, and damaging property constitutes attempted "contact or communication" as contemplated by the FRO.

Thus, we discern no basis to reverse the contempt conviction. The court's factual findings are supported by substantial, credible evidence in the record and the court applied the correct legal principles in finding defendant knowingly violated the FRO.

Lastly, defendant argues his counsel was ineffective in stipulating to the admission of the FRO and for arguing that he should have been acquitted because the underlying FRO was dismissed prior to trial. We decline to consider defendant's arguments in the present context, applying the general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence outside the trial record. State v. Preciose, 129 N.J. 451, 460 (1992). To that end, a claim of ineffective-assistance-of-counsel is best addressed in a post-conviction relief proceeding. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5336-16T3